## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MIKHAIL STOLIAROV, | No. 26-cv-4298 |
| Plaintiff, | |
| v. | **OPINION** |
| LUCID GROUP USA, INC., | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.**:

Before the Court is Defendant Lucid Group USA, Inc.'s ("Lucid Group" or "Defendant") Motion to Compel Arbitration (the "Motion"), ECF No. 7, which the Court decides without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated herein, the Motion is **GRANTED**.

### I.      BACKGROUND

Plaintiff Mikhail Stoliarov filed his First Amended Complaint (the "Complaint" or "FAC") alleging violations of the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (the "MMWA"), 15 U.S.C. § 2301 *et seq.*; the Uniform Commercial Code; and various New Jersey consumer protection statutes. FAC ¶¶ 12-61, ECF No. 6. The FAC's allegations concern Stoliarov's leasing a vehicle from Lucid Group in May 2023 that has suffered from multiple issues "substantially impair[ing] its use, value, and/or safety." *Id.* ¶¶ 3, 11. This transaction was governed by a Motor Vehicle Lease Agreement (the "Lease"). *Id.* ¶ 5.

Lucid Group moves to compel arbitration and stay this action. Plaintiff opposes the Motion, and argues in the alternative that this Court should order pre-arbitration discovery. Pl.'s Opp'n 10, ECF No. 8. The Lease does not reference arbitration. *See id.* Ex. A. Instead, Section 11 of the Terms and Conditions of the Order Agreement between Stoliarov and Lucid Group (the "Terms and Conditions") contains an arbitration clause (the "Arbitration Agreement" or "Agreement"). *See* Def.'s Br. Ex. 1, ECF No. 7-3. The Arbitration Agreement is subject to the Federal Arbitration Act (the "FAA") and requires Plaintiff to send written notice of the dispute to Lucid Group, and if it is not resolved within sixty days, any qualifying dispute "will be resolved by binding arbitration, rather than in court." Def.'s Br. Ex. 1; Pl.'s Opp'n 2-3. The Agreement encompasses "any dispute or claim between [Stoliarov] and [Lucid Group] or relating in any way to [the Terms and Conditions]." *Id.* It also creates a sixty-day period from acceptance of the Terms and Conditions to opt out of the Arbitration Agreement.

1

*Id.* Stoliarov admits that he agreed to the Terms and Conditions on or about February 14, 2023. Pl.'s Opp'n 2. Stoliarov received the vehicle on May 3, 2023. SAC ¶ 16.

## II. LEGAL STANDARD

The FAA reflects a "national policy favoring arbitration." *In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d 515, 519 (3d Cir. 2019) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). To compel arbitration, the court must conclude that "(1) there is an agreement to arbitrate; and (2) the dispute at issue falls within the scope of that agreement." *Century Indemn. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009). Arbitration is "strictly a matter of contract." *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999).

First, however, courts must decide whether Federal Rule of Civil Procedure 12(b)(6) or 56 applies to this two-part inquiry. *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). Rule 12(b)(6) governs "when it is apparent, based on the face of the complaint . . . that certain of a party's claims are subject to an enforceable arbitration clause." *Tailor v. Midland Funding, LLC*, No. 18-cv-11320, 2019 WL 494622, at *2 (D.N.J. Feb. 7, 2019) (citation modified). In contrast, Rule 56 is applicable if arbitrability is unclear on the complaint's face, or if plaintiff's opposition to a motion to compel advances "additional facts sufficient to place the agreement to arbitrate in issue." *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 776 (3d Cir. 2013). In these instances, the parties may be—but are not always—entitled to take discovery before the motion to compel's disposition. *Id.* at 780; *see Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 319 (3d Cir. 2024).

Here, Rule 56's standard applies because arbitrability is unclear on the FAC's face. The FAC does not refer to the Arbitration Agreement. *See Carlton v. Nat'l Debt Relief LLC*, No. 26-cv-944, 2026 WL 1430099, at *2 (D.N.J. May 21, 2026). Stoliarov, in his Opposition, challenges the "formation and validity of the arbitration agreement itself." Pl.'s Opp'n 7. As a result, Rule 56 applies, and the Court looks beyond the Complaint in deciding the Motion. *See Carlton*, 2026 WL 143009, at *2. Under this standard, the Court will compel arbitration if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III. DISCUSSION

### 1. The Arbitration Agreement's Validity

Plaintiff asserts that there was no meeting of the minds regarding the Arbitration Agreement. FAC ¶ 41 ("Defendant's warranty was not provided to Plaintiff until after the vehicle was delivered, making . . . [the Agreement] ineffective for a failure of consideration"); Pl.'s Opp'n 7 (arguing that the "post-delivery timing" of the Agreement renders it "not the product of mutual assent"). Yet the record contradicts Plaintiff's contention that he did not receive the Arbitration Agreement until after the vehicle's delivery. Plaintiff himself indicates that he accepted the Terms and Conditions in February 2023. Pl.'s Opp'n 2 ("On or about February 14, 2023, Plaintiff entered into [the Terms and Conditions]"); *see also* Def.'s Br. 1, ECF No. 7-1; *Id.* Ex. 1 ("Order Confirmed Date: February 14, 2023"). Thus, the Court rejects Plaintiff's argument that the Arbitration Agreement fails for lack of consideration, as the evidence establishes that Plaintiff accepted the Agreement *before* he took possession of the

vehicle in May 2023.[1] As a result, there is no need for pre-action discovery. *Young*, 119 F.4th at 319.

### a. Plaintiff's Remaining Arguments Against Validity[2]

Plaintiff advances a series of arguments that purport to demonstrate the Arbitration Provision's invalidity. The Court addresses each of them in turn.

### i. Defendant's Burden to Prove Validity

Plaintiff argues that Defendant has failed to meet its burden of proving validity because counsel did not provide "competent evidence" thereof, such as a "signed declaration from a custodian with personal knowledge." Pl.'s Opp'n 8. This argument is unpersuasive: Defendant has provided the Terms and Conditions, the authenticity of which Plaintiff does not contest. Def.'s Ex. 1. This is sufficient to prove its validity. *See Frederico v. Home Depot*, 507 F.3d 188, 204 (3d Cir. 2007).

### ii. Magnuson-Moss Warranty Act

Next, Plaintiff asserts that the Arbitration Agreement is unenforceable under the MMWA. Pl.'s Opp'n 13-15 (citing *Harrison v. Nissan Motor Corp.*, 111 F.3d 343 (3d Cir. 1997)). Courts in this District and elsewhere have rejected this argument. *See, e.g., Allied Mgmt., Inc. v. Lucid Grp. USA, LLC*, No. 24-cv-10480, 2025 WL 1779206, at *4 (D.N.J. June 27, 2025) (finding that a substantially identical arbitration agreement was valid, notwithstanding the MMWA's informal dispute resolution framework); *Cervalin v. Universal Glob., Inc.* No. A-974-20, 2021 WL 2793593, at *6 (N.J. App. Div. July 6, 2021) (opining that the "text, legislative history, and purpose of the MMWA do not evidence a congressional intent to bar arbitration of MMWA written warranty claims"); *Davis v. Southern Energy Homes, Inc.*, 305 F.3d 1268, 1280 (11th Cir. 2002) (holding that written warranty claims under the MMWA may be subject to arbitration). This Court joins them.

### iii. Waiver of Right to Trial

Plaintiff's next argument, that the Arbitration Agreement constitutes an invalid waiver of his right to a jury trial, fares no better. Pl.'s Opp'n 15-16. The Agreement states "[t]here is no judge or jury in arbitration, and court review of an arbitration award is limited." Def.'s Br. Ex. 1. As the Supreme Court of New Jersey has instructed, "[n]o particular form of words is necessary to accomplish a clear and unambiguous waiver of rights." *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 314 (N.J. 2014). Moreover, courts have found that identical

---

[1] The Court finds curious the discrepancy between Plaintiff's allegations in the Complaint and his Opposition. *Contrast* FAC ¶ 41 (averring that the Agreement was not provided until after delivery) *and* Pl.'s Opp'n 7 (same) *with* Pl.'s Opp'n 2 (stating that Plaintiff accepted the Agreement pre-delivery).

[2] Plaintiff also argues that the Arbitration Agreement is void under *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) (holding that federal courts may decide claims that an arbitration clause was agreed to by fraud). Pl.'s Opp'n 11. But Plaintiff's reliance on *Prima Paint* is inapposite because his fraud allegations are directed towards misrepresentations about the vehicle, rather than the use of fraud to procure assent to the Arbitration Agreement. FAC ¶¶ 53-56. The Court rejects this argument because "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Zirpoli v. Midland Funding, LLC*, 48 F.4th 136, 145 (3d Cir. 2022) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006)).

language "clearly explains that the arbitration constitutes a waiver of the right to a jury trial." *Sightseer Enter., Inc. v. Verizon N.J. Inc.*, No. 18-cv-16122, 2023 WL 358564, at *8 (D.N.J. Jan. 23, 2023). Stoliarov's waiver under the Arbitration Agreement was valid. Plaintiff's argument that the waiver's lack of clarity renders the Agreement void as violative of New Jersey Public Policy fails for the same reasons.

### iv.  Unconscionability

Finally, Plaintiff advances multiple reasons why, in his view, the Arbitration Agreement is invalid under the unconscionability doctrine. The Court rejects them all. *Kangapoda Corp. v. Facebook, Inc.*, No. 21-cv-9168, 2021 WL 11721658, *3 (D.N.J. Dec. 13, 2021) (finding that an arbitration agreement that included an opt-out clause was not procedurally unconscionable); *Delta Funding Corp. v. Harris*, 912 A.2d 104, 115 (N.J. 2006) (opining that class-arbitration waivers are not *per se* unconscionable); *Jaworski v. Ernst & Young U.S. LLP*, 119 A.3d 939, 951 (N.J. App. Div. 2015) (finding that a fee-sharing provision did not render the arbitration agreement unconscionable); *DeAngelis v. CSI Int'l, Inc.*, No. 23-cv-3178, 2026 WL 1209006, at *7 (D.N.J. May 4, 2026) (finding that a similarly broad arbitration provision was not unconscionable). Thus, Defendant has met its burden of proving the Agreement's validity, and Plaintiff has failed to rebut the same. The Agreement is enforceable.

### 2.  Whether the Present Dispute Falls within the Scope of the Arbitration Agreement

The language of the Arbitration Agreement provides that "any dispute or claim between you and us or relating in any way to this Agreement" is subject to arbitration. Def.'s Br. Ex. 1 § 11. The parties do not seriously dispute that the FAC's claims fall within the Agreement's broad scope. The Court finds the Arbitration Agreement covers this dispute.

## IV.  CONCLUSION[3]

For these reasons, the Motion is **GRANTED**. An appropriate order follows.

Date: July 13, 2026

WILLIAM J. MARTINI, U.S.D.J.

---

[3] Plaintiff also filed a Motion for Leave to File a Sur-Reply, ECF No. 10, asserting that Defendant's Reply, ECF No. 9, raises new arguments. The Court **GRANTS** Plaintiff leave to file a sur-reply (the "Sur-Reply"), ECF No. 10-1, and declines to consider arguments that Defendant raises for the first time in Reply. *See Hayes v. Silvers, Langsam & Weitzman, P.C.*, 441 F. Supp. 3d 62, 66 n.4 (E.D. Pa. 2020). The Sur-Reply, however, *also* raises new arguments for the first time. Sur-Reply 7-8 (asserting, *inter alia*, that Plaintiff does not recall accepting the Terms and Conditions). The Court declines to consider these arguments, as well as Plaintiff's Declaration in support of the same. ECF No. 10-2; *Herod's Stone Design v. Mediterranean Shipping Co. S.A.*, 434 F. Supp. 3d 142, 161 n.12 (S.D.N.Y. 2020).

4